UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LYNN LITTLE,

                      Plaintiff,

      -against-

CITY OF NEW YORK DEPARTMENT OF FINANCE,
CARMELITA HORTON, HAROLD HATCHER,
MARY SCHEMAN-STELLA, and AKUSTAA
PANTIN,

                      Defendants.
-------------------------------------------------------------------x

MEMORANDUM & ORDER

20-CV-1979 (RPK)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

      In April 2020, Plaintiff Lynn Little, proceeding *pro se*, filed this employment discrimination action against Defendants City of New York Department of Finance ("Department of Finance"), Carmelita Horton, Mary Scheman-Stella,[1] Akustaa Pantin, and Harold Hatcher, seeking damages related to her workplace conditions and termination. (*See generally* Compl., ECF No. 1.)[2] After amendments, the Second Amended Complaint ("SAC") alleges discrimination on the basis of gender and age, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination Act of 1967 ("ADEA"), and various other claims related to her employment. (*See generally* SAC, ECF No. 22.) Before this Court is Defendants' motion to stay discovery pending disposition of their motion to dismiss the SAC. (Defs.' Mot., ECF No. 34.) Plaintiff opposes a stay. (Pl.'s Opp'n., ECF No. 38.) For the reasons stated below, the motion is **granted**.

---

[1] In their motion to dismiss, Defendants note that Scheman-Stella's name is misspelled "Schman-Stella" in the case caption. (*See* Defs.' Mem., ECF No. 37 at 5 n.1.) The Clerk of Court is respectfully directed to amend the case caption to reflect the proper spelling.

[2] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "Document ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

I.      **BACKGROUND**

As alleged in the SAC, Plaintiff is a former employee of the Department of Finance, while Horton, Scheman-Stella, Pantin, and Hatcher were supervisors during her employment. (*See generally* SAC, ECF No. 22.) The SAC alleges that Hatcher subjected Plaintiff to age discrimination by failing to request a reasonable accommodation for his hearing deficiency, which negatively affected her productivity. (*Id.* at 1.) When Plaintiff complained about Hatcher, Horton issued a purportedly "defective" performance evaluation of Plaintiff, which caused Plaintiff to be transferred from the "Research and Correction" Division to the "Land Records" Division of the Department of Finance. (*Id.* at 2–3.) After Plaintiff's transfer, Pantin allegedly subjected her to an unwanted touching and "visual sexual harassment," which she reported to Scheman-Stella. (*Id.* at 3.) Additionally, according to the SAC, Scheman-Stella generally harassed Plaintiff by, *inter alia*, yelling at her, issuing "Memorandums for Failure to Complete Assigned Tasks," failing to introduce Plaintiff to the relevant supervisors, and for failing to adequately train Plaintiff in her new role. (*Id.* at 4–6, 8.) Defendants terminated Plaintiff following this period of alleged harassment and retaliatory conduct. (*Id.* at 5.)

Plaintiff initiated this action on April 27, 2020. (Compl., ECF No. 1.) Plaintiff filed an Amended Complaint on August 13, 2020. (Am. Compl., ECF No. 7.) On April 26, 2021, the Court denied Defendants' request for a premotion conference for an anticipated motion to dismiss the Amended Complaint and granted Plaintiff's request to further amend her claims. (Apr. 26, 2021 Order.) Plaintiff filed the SAC on May 10, 2021. (SAC, ECF No. 22.)

On July 20, 2021, Defendants requested a pre-motion conference to discuss an anticipated motion to dismiss the SAC and requested a stay of discovery until after the motion is decided. (Defs.' Ltr., ECF No. 29 at 1.) Plaintiff responded to Defendants' request and opposed any stay

2

of discovery. (Pl.'s Ltr., ECF No. 30 at 3–5, 9–11.) At a pre-motion conference on November 1, 2021, the Honorable Rachel P. Kovner referred the motion to stay discovery to the undersigned. (Nov. 1, 2021 Minute Entry & Order.) Defendants filed their motion to stay discovery on November 19, 2021, pursuant to the Court's scheduling order. (Nov. 8, 2021 Order; Defs.' Mot., ECF No. 34.)[3] Plaintiff filed her opposition to the motion to stay discovery on December 9, 2021. (Pl.'s Opp'n., ECF No. 38.)

## II.     DISCUSSION

### A. Legal Standard

"Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Hearn v. United States*, No. 17-CV-3703 (ADS)(SIL), 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018) (citations omitted). However, "[d]istrict courts in this Circuit have often found that a defendant's motion to dismiss does not, by itself, provide 'good cause' for staying discovery." *Long Island Hous. Servs., Inc. v. Nassau Cnty. Indus. Dev. Agency*, No. 14-CV-3307 (ADS)(AKT), 2015 WL 7756122, at *2 (E.D.N.Y. Dec. 1, 2015) (collecting cases). In evaluating whether a stay discovery is appropriate, courts consider "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Friedman as Tr. of Ellett Bros., LLC v. Nexien, Inc.*, No. 21-CV-03292 (DRH)(JMW), 2021 WL 5910763, at *2 (E.D.N.Y. Nov. 9, 2021) (citing *Rivera v. Inc. Vill.*

---

[3] Defendants also filed their motion to dismiss on November 24, 2021. (Mot. to Dismiss, ECF No. 35.)

*of Farmingdale*, No. 06-CV-2613 (DRH)(ARL), 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007)).

Additionally, because Plaintiff is proceeding *pro se*, the Court will construe her arguments in opposition to Defendants' motion liberally and will "interpret them to raise the strongest arguments that [she] suggest[s]." *Pierre v. City of New York*, 531 F. Supp. 3d 620, 624 (E.D.N.Y. 2021) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

### B. Merits of Defendants' Motion to Dismiss

To determine whether a defendant has made a substantial showing that a plaintiff's claim is unmeritorious, courts consider whether there are "substantial arguments for dismissal[.]" *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *see also Giminez v. Law Offices of Hoffman & Hoffman*, No. 12-CV-0669 (JFB)(ETB) & 12-CV-2844 (JFB)(ETB), 2012 WL 2861014, at *2 (E.D.N.Y. July 11, 2012) (staying discovery where defendants "present[ed] substantial reasons for why plaintiffs' complaints should be dismissed and may very well be successful in their motions."). A stay of discovery may also be warranted where the defendant's motion "is potentially dispositive, and appears to be not unfounded in the law." *Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13-CV-6362 (SJF)((WDW), 2014 WL 6883529, at *2–4 (E.D.N.Y. Dec. 3, 2014) (allowing a partial stay of discovery where "[d]efendants' motion raises a substantial issue . . . that is not frivolous, raises doubts as to the viability of plaintiff's claims and is potentially dispositive of the entire action.").

Here, Defendants' motion to dismiss raises several potentially viable defenses to the SAC, including that (1) Plaintiff's claim of age discrimination against all Defendants fails because she did not exhaust her administrative remedies; (2) Plaintiff's claim of age discrimination against Hatcher fails because there is no individual liability under the ADEA; (3) Plaintiff's ADEA,

4

discrimination, retaliation and hostile work environment claims fail to state a claim upon which relief may be granted; and (4) Plaintiff's remaining claims also fail to state a claim because she does not allege any discriminatory or retaliatory motive. (*See* Defs.' Mot. to Dismiss, ECF No. 37 at 10–21.)

"While the Court makes no finding as to whether [Defendants'] arguments will ultimately succeed or fail, they are at least sufficient to establish that the Defendants have substantial arguments for dismissal of many, if not all, of the claims asserted." *Negrete v. Citibank, N.A.*, No. 15-CV-7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015) (internal citation and quotations omitted). Defendants' arguments raised in support of its motion to dismiss, if granted, would dispose of the entire case. *First*, because ADEA and Title VII claims cannot be sustained against individual defendants, Plaintiff's age discrimination claims and other claims against the individual Defendants are subject to dismissal. *Palmer v. Shchegol*, 406 F. Supp. 3d 224, 233 (E.D.N.Y. 2016) ("It is well-established that the ADEA and Title VII do not create individual liability.") (citing *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011)). *Second*, Defendants assert that any remaining Title VII or ADEA claims against the Department of Finance are subject to dismissal because Plaintiff has not articulated a discriminatory animus in her firing or for any of the alleged adverse treatment she suffered at work. (Defs.' Mot., ECF No. 34 at 2.) By contrast, according to Defendants, the non-discriminatory reason for Plaintiff's termination is her purported poor performance. (*Id.*)

Again, the Court takes no position on whether Defendants' motion to dismiss will ultimately prevail, but because Defendants have demonstrated that they have "substantial arguments for dismissal," this factor weighs in favor of a stay. *Negrete*, 2015 WL 8207466 at *1; *see also Elnenaey v. JP Morgan Chase Bank, N.A.*, No. 20-CV-5430 (DG)(LB), 2021 WL

5

7908626, at *1 (E.D.N.Y. Oct. 7, 2021) (granting stay where defendants' motions "are potentially dispositive").

### C. Breadth of Discovery

Where courts have found discovery to be unduly burdensome, there is often a showing that the plaintiff's requests were overbroad or that the anticipated discovery would be particularly voluminous. *See, e.g., O'Sullivan v. Deutsche Bank AG*, No. 17-CV-8709 (LTS)(GWG), 2018 WL 1989585, at *7 (S.D.N.Y. Apr. 26, 2018) (finding discovery burdensome where defendants were large financial institutions with voluminous records and plaintiffs were seeking discovery related to over 2,000 allegations in the complaint and to 17 defendants); *Thomas v. New York City Dep't of Educ.*, No. 09-CV-5167 (SLT), 2011 WL 13294536, at *3 (E.D.N.Y. Mar. 4, 2011) (denying a motion for reconsideration of a discovery stay where plaintiff's document demands were "overly broad and unduly burdensome").

Defendants argue that a stay of discovery is warranted because they "anticipate that plaintiff will seek discovery that is likely burdensome," motion practice may be required to determine the proper scope of discovery, and discovery may be substantially reduced or eliminated even if their motion to dismiss is granted only in part. (Defs.' Mot., ECF No. 34 at 2.) In response, Plaintiff argues that discovery will support her claims that she was improperly transferred because of her complaints about Hatcher and then wrongfully terminated. (*See* Pl.'s Opp'n., ECF No. 38 at 3–4.) In addition, Plaintiff asserts that her period of employment in Land Records was only from March 18, 2019 through May 30, 2019, making the discovery less burdensome. (*See* Pl.'s Opp'n., ECF No. 38 at 2.)

Defendants have not articulated why discovery in this case would be particularly burdensome or would require motion practice. Instead, it appears that discovery would consist

6

largely of the reports and evaluations described in the SAC and witness testimony regarding events over a relatively short time period. On the other hand, the Court also considers that Defendants include a municipal agency and individuals being defended by that agency. As such, "[c]ompliance with discovery in the posture of this case would result in a substantial diversion of public resources which may not be ultimately necessary in this action." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006). This is true especially in light of the strength of Defendants' arguments for dismissal.

After balancing the competing interests, the Court, in its discretion, finds that the breadth of discovery is a neutral factor that does not weigh in favor of or against a stay.

### D. Risk of Unfair Prejudice

Finally, Defendants argue that there is no risk of unfair prejudice to Plaintiff because the Court has not issued any discovery orders and the parties have not initiated discovery demands. (Defs.' Mot., ECF No. 34 at 3.) Defendants further argue that "[a] delay will not result in any loss of evidence, nor will it increase the difficulties of discovery. . . ." (*Id.*) Plaintiff asserts that if the Court stays discovery, she will be injured because "the Defendants failed to act responsibly" in issuing "defective" performance evaluations. (Pl.'s Opp'n, ECF No. 38 at 1.)

Construing Plaintiff's arguments liberally, the Court finds that the risk of unfair prejudice in this case is minimal. "At this early stage, a limited stay will not prejudice plaintiff and will avoid unnecessary discovery costs." *Elnenaey*, 2021 WL 7908626 at *1. If any of Plaintiff's claims remain after the motion to dismiss is decided, Plaintiff may serve her discovery requests for documents and other evidence. Accordingly, this factor weighs in favor of a stay.

### III.  CONCLUSION

For the reasons stated above, Defendants' motion to stay discovery at ECF No. 34 is **granted**.  The stay will expire upon the Court's resolution of the motion to dismiss. If any claims remain after the Court resolves the motion to dismiss, a scheduling order for a discovery conference shall issue.

**SO ORDERED.**

Brooklyn, New York
August 26, 2022

                                          /s/Marcia M. Henry
                                          MARCIA M. HENRY
                                          United States Magistrate Judge